**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH DIVISION)**

In re:

**PLATO CHRIS FOUFAS,**                          **CASE NO.  20-22967-EPK**

      **Debtor.**                                   **CHAPTER 7**
_____/

**DEBORAH MENOTTE, as Chapter 7**
**Trustee for the Debtor, Plato Chris Foufas,**    **ADV. PROC. NO. 21-01362-EPK**

      **Plaintiff,**
**v.**

**PLATO CHRIS FOUFAS, et al.,**

      **Defendants.**
_____/

## NOTICE OF FILING

The Plaintiff, Deborah Menotte ("Plaintiff" or "Trustee"), as Chapter 7 Trustee for the Debtor, Plato Chris Foufas (the "Debtor"), by and through counsel, hereby files the *Motion by Chapter 7 Trustee, Menotte to Approve Settlement and Compromise Controversy with Adversary Defendants, Timothy Foufas and Astor Street Holding, LLC* [Main Case ECF No.92] attached hereto as **Exhibit "A".**

**Respectfully submitted: May 20, 2022.**

                       **GENOVESE JOBLOVE & BATTISTA, P.A.**
                       *Attorneys for the Trustee/Plaintiff*
                       200 East Broward Blvd, Suite 1110
                       Fort Lauderdale, Florida 33301
                       Tel:    (954) 453-8000
                       Fax:   (954) 453-8010

                       By:   /s/ *Barry P. Gruher*
                               Barry P. Gruher, Esq.
                               Florida Bar No. 960993

bgruher@gjb-law.com
Zachary I. Malnik, Esq.
Florida Bar No. 1010272
zmalnik@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing Notice was served on May 20, 2022 to all registered users through the CM/ECF System and/or U.S. Mail as referenced on the attached service list.

By:  /s/ Barry P. Gruher
Barry P. Gruher, Esq.
Florida Bar No. 960993

## SERVICE LIST

*Served Via CM/ECF Notification*

Joaquin J Alemany on behalf of Defendant Orion Corporate & Trust Services, Ltd.
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Robert C Folland on behalf of Defendant Astor Street Holdings, LLC
rob.folland@btlaw.com, courtney.dunham@btlaw.com

Robert C Folland on behalf of Defendant Timothy Foufas
rob.folland@btlaw.com, courtney.dunham@btlaw.com

Barry P Gruher on behalf of Plaintiff Deborah Menotte, Chapter 7 Trustee
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cscavone@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Craig A. Pugatch, Esq on behalf of Defendant Braircliffe Lakeside Associates, LLC
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Earlsted, LLC
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Foufas Properties/Braircliffe, Inc.
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Guardian Fiduciary Management, Ltd.
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant KM Settlement dated May 23, 1996 between Plato Chris Foufas and Nova Corporation
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant PFCO, Inc.
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Plato Foufas & Company, LLC
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Sixth and Gest Properties, LLC
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant The KM Settlement dated January 9, 1998 Between Plato Foufas and St. Vincent Trust Services, Ltd.
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Wrightford Corporation
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Robert F. Reynolds on behalf of Defendant Plato Chris Foufas
rreynolds@robertreynoldspa.com

Jason Slatkin, Esq. on behalf of Defendant Guardian Fiduciary Management, Ltd.
jslatkin@loriumlaw.com, ecf.jslatkin@loriumlaw.com


**_Served Via U.S. Mail_**

**All parties on the attached mailing matrix.**

```
Label Matrix for local noticing          Schiller DuCanto & Fleck LLP          Alabama Dept of Revenue
113C-9                                    c/o Brinkley Morgan                   PO Box 327467
Case 20-22967-EPK                         100 SE Third Ave, 23rd Floor          Montgomery, AL 36132-7467
Southern District of Florida              Ft Lauderdale, FL 33394-0002
West Palm Beach
Fri May 20 14:47:05 EDT 2022

American Express                          American Express National Bank        Bank of America
PO Box 0001                               c/o Becket and Lee LLP                PO Box 851001
Los Angeles, CA 90096-8000                PO Box 3001                           Dallas, TX 75285-1001
                                          Malvern  PA 19355-0701



(p)JPMORGAN CHASE BANK  N A               Hughes Socol Piers Resnick & Dym, Ltd.  (p)INTERNAL REVENUE SERVICE
BANKRUPTCY MAIL INTAKE TEAM               70 W Madison St                       CENTRALIZED INSOLVENCY OPERATIONS
700 KANSAS LANE FLOOR 01                  Ste 4000                              PO BOX 7346
MONROE LA 71203-4774                      Chicago, IL 60602-4698                PHILADELPHIA PA 19101-7346



IRS Insolvency Operation                  Indiana Department of Revenue         ORBA
PO Box 7346                               PO Box 1674                           NBC Tower
Philadelphia, PA 19101-7346               Indianapolis, IN 46206-1674           455 N Cityfront Plaza Dr
                                                                                Ste 1500
                                                                                Chicago, IL 60611-5313

Office of the US Trustee                  Schiller DuCanto & Fleck LLP          Select Portfolio Servicing, Inc.
51 S.W. 1st Ave.                          c/o Mark A. Levy, Brinkley Morgan     Attn: Bankruptcy Dept.
Suite 1204                                100 SE Third Avenue, 23rd Floor       PO Box 65250
Miami, FL 33130-1614                      Fort Lauderdale, FL 33394-0002        Salt Lake City, UT 84165-0250



(p)STATE OF ALABAMA DEPARTMENT OF REVENUE Stein & Stein, Ltd.                   The Bernstein Law Firm, LLC
P O BOX 320001                            30 N La Salle St                      350 N Clark St
MONTGOMERY AL 36132-0001                  Ste 3100                              Ste 400
                                          Chicago, IL 60602-2576                Chicago, IL 60654-4980



Theodora Foufas                           Deborah Menotte                       Plato Chris Foufas
160 E Illinois St                         POB 211087                            11932 Longwood Green Dr
Apt 2404                                  West Palm Beach, FL 33421-1087        Wellington, FL 33414-7068
Chicago, IL 60611-5417



Robert F. Reynolds                        Soneet Kapila                         Theodora Foufas
515 East Las Olas BLvd. #850              1000 South Federal Highway            c/o Brinkley Morgan
Ft Lauderdale, FL 33301-2277              Suite 200                             100 SE Third Ave, 23rd Floor
                                          Fort Lauderdale, FL 33316-1237        Ft Lauderdale, FL 33394-0002




          The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
          by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Chase                                     IRS                                   (d)JPMorgan Chase
Mail Code LA4-6911                        PO Box 1214                           PO Box 182055
700 Kansas Ln                             Charlotte, NC 28201-1214              Columbus, OH 43218-2055
Monroe, LA  71203-4774
```

State of Alabama Department of Revenue
Legal Division
P.O. Box 320001
Montgomery, AL 36132-0001

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

End of Label Matrix
Mailable recipients    23
Bypassed recipients     1
Total                  24

# EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### (WEST PALM BEACH DIVISION)

In re:

**PLATO CHRIS FOUFAS,**                    **CASE NO. 20-22967-EPK**

     **Debtor.**                              **CHAPTER 7**

_____/

## MOTION BY DEBORAH MENOTTE, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AND COMPROMISE CONTROVERSY WITH ADVERSARY DEFENDANTS, TIMOTHY FOUFAS AND ASTOR STREET HOLDINGS, LLC

> **Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D)(1), be deemed to have consented to the entry of an Order in the form attached to this motion. Any scheduled hearing may then be cancelled.**

Deborah Menotte (the "Trustee"), as Chapter 7 Trustee for the Debtor, Plato Chris Foufas (the "Debtor"), by and through counsel, and pursuant to Fed. R. Bank. P. 9019 and Local Rules 9013-1(D)(3) and 9019-1, hereby files this Motion by Deborah Menotte, Chapter 7 Trustee, to Approve Settlement and Compromise Controversy (the "Motion")[1] with Adversary Defendants, Timothy Foufas ("T. Foufas") and Astor Street Holdings, LLC ("Astor Street")(collectively, the "Defendants") (the Trustee and Defendants, together, the "Parties") and in support thereof states, as follows:

### BACKGROUND

1.    On November 27, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief on behalf of the bankruptcy estate (the "Estate") under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case").

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same use and meaning as set forth in the Settlement Agreement and Second Amended Complaint [Adv. ECF No. 103], as referenced below.

2.      On October 8, 2021, the Plaintiff commenced the above-referenced adversary proceeding (the "Adversary Case") against the Defendants, including co-defendants, the KM Settlement, Debtor and Business Entity Defendants, by filing  an Adversary Complaint for Declaratory Judgment, Turnover of Estate Property, Avoidance and Recovery of Fraudulent Transfers, Substantive Consolidation, and for Other Relief (the "Complaint") [Adv. ECF No. 1] seeking relief for, among other things, declaratory judgment and turnover of estate property with respect to the Business Entities and other Trust Assets held within the KM Settlement, for substantive consolidation of the Business Entities, and avoidance and recovery of certain fraudulent transfers under applicable bankruptcy and non-bankruptcy law.

3.      On December 6, 2021, T. Foufas filed Defendant Timothy Foufas' Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative for Severance [Adv. ECF No. 25 and his Motion to Withdraw The Reference (the "Motion to Withdraw Reference")[Adv. ECF No. 26] seeking to withdraw the reference of the Adversary Case to the United States District Court for the Southern District of Florida, Case No. 21-82517-CIV- Cannon (the "District Court")[D.E. 1] with respect to the claims asserted by Plaintiff against T. Foufas for which this Defendant had demanded the right to jury trial.

4.      On December 7, 2021, the Bankruptcy Court entered its Order Determining Non-Core Status of Claims regarding the Motion to Withdraw Reference [ECF No. 36].

5.      On December 8, 2021, the Bankruptcy Court held a Status Conference in the Adversary Case [Adv. ECF No. 7] and, on December 9, 2021, entered its Order Continuing Status Conference, Extending Deadline to Amend Complaint, and Abating Pending Motions which, among other things, continued the Status Conference in the Adversary Case to March 9, 2022, and setting the deadline by which the Plaintiff may file an amended complaint and abating

the motions (the "<u>Order Continuing Status Conference</u>") [Adv. ECF No. 38].

6.      On December 26, 2021, the District Court entered its Order Granting In Part And Denying In Part Defendant's Motion to Withdraw Reference to Bankruptcy Court [D.E. 5]; [ECF No. 46] which, among other things, provided for withdrawal of the "bankruptcy reference insofar as it includes a reference for trial on any legal or factual issues and causes of action," concerning Defendant, T. Foufas.

7.      On January 14, 2022, in accordance with the Order Continuing Status Conference, the Plaintiff timely filed the First Amended Complaint for Declaratory Judgment, Turnover of Estate Property, Avoidance and Recovery of Fraudulent Transfers, Substantive Consolidation, and for Other Relief (the "<u>First Amended Complaint</u>") [Adv. ECF No. 47].

8.      On February 4, 2022, T. Foufas filed Timothy Foufas' Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction, or for Severance and Stay, which motion was rendered moot by the filing of the Second Amended Complaint reference below, but is likely to be refiled absent the Settlement Agreement ("<u>T. Foufas MTD</u>") [Adv. ECF No. 48];

9.      On April 19, 2022, the Court entered its Order (I) Granting Plaintiff's Motion for Leave to File Second Amended Complaint and (II) Denying As Moot Motions to Dismiss (the "<u>Order Granting Motion for Leave</u>") [Adv. ECF No. 97];

10.      On April 22, 2022, in accordance with the Order Granting Motion for Leave, the Plaintiff filed the Second Amended Complaint for Declaratory Judgment, Turnover of Estate Property, Avoidance and Recovery of Fraudulent Transfers, Substantive Consolidation, and for Other Relief (the "<u>Second Amended Complaint</u>") [Adv. ECF No. 103] asserting various claims and causes of action against the Defendants for (i) Count VI – Declaratory Judgment- 28 U.S.C. §2202 And 11 U.S.C. §541 (Against Astor Street) (ii)  Count XIV – Avoidance And Recovery of

Fraudulent Transfers Pursuant To Section 544 of the Bankruptcy Code And Section 726.105(1)(a) of the Florida Statutes (Against Astor Street and T. Foufas), (iii)  Count XV – Avoidance And Recovery of Fraudulent Transfers Pursuant To Section 544 of The Bankruptcy Code And Section 726.105(1)(b) of The Florida Statutes (Against Astor Street and T. Foufas), (iv) Count XVI – Avoidance And Recovery of Fraudulent Transfers Pursuant To Section 544 of The Bankruptcy Code And Section 726.106(1) of the Florida Statutes (Against Astor Street and T. Foufas, including Foufas and Sixth and Gest), (v) Count XVII – Avoidance And Recovery of Fraudulent Transfers Pursuant To Section 544 of The Bankruptcy Code and Section 1304(a) And (b) of  The Delaware Statutes (Against Astor Street And T. Foufas); (vi) Count XVIII – Avoidance And Recovery of Property Pursuant To Section 550 of The Bankruptcy Code (Against KM Settlement, Astor Street And T. Foufas), and (vii) Count XIX –  Injunctive Relief Pursuant To Federal Rule Bankruptcy Of Procedure 7065 And 11 U.S.C. § 105 (Against all defendants (*i.e.*, the Defendants and all other named defendants in the Adversary Case) (collectively, the "Claims"). The Court granted Defendants an extension of time to move or plead in response to the Second Amended Complaint until June 9, 2022 [Adv. ECF 108].

11.     Over the course of the last several months, the Parties continued to engage in informal discovery and good faith settlement discussions concerning the potential Claims asserted by the Trustee and the Defendants' defenses thereto, which the Trustee has analyzed and considered in connection with the Adversary Case and Bankruptcy Case.

12.     In addition, the Trustee analyzed the anticipated difficulties to be expected in collecting any potential judgment against the Defendants.

13.     Accordingly, in order to avoid the high costs and uncertainties of litigation, and without admitting fault or liability to each other whatsoever, the Parties reached a settlement.

4

Significantly, on May 5, 2022, the Parties executed that certain Settlement Agreement and

Releases (the "Settlement Agreement") and Assignment of Membership Interests

("Assignment") (collectively, the "Agreement"), which are attached hereto and incorporated by

referenced herein as **Exhibit "A"**.

14.     A brief explanation of the principal terms of the Settlement is set forth below.

Parties in interest are encouraged to read the settlement agreement carefully; in the event of an

inconsistency between the terms of the settlement agreement and this Motion, the terms of the

written settlement agreement shall control.

15.     The principal terms of the Settlement Agreement with Defendants are, as follows:

i.     In full and final satisfaction of any and all Claims asserted in the First Amended
Complaint against the Defendants, and additional consideration provided herein,
T. Foufas shall pay to the Trustee the total sum of $7,500.00 (the "Settlement
Amount"), which payment shall be due and payable in a lump sum no later than
fourteen(14) days after the entry of an Approval Order (as defined below)
approving this Settlement Agreement. Payment of the Settlement Amount shall
be tendered to the Trustee's counsel via wire transfer or check (with instructions
to be provided by the Trustee) and, if by check, made payable to "Deborah
Menotte, Chapter 7 Trustee" (the "Settlement Payment").

ii.     T. Foufas agrees to and shall assign, transfer, deliver, hypothecate, sign over,
pledge, and otherwise convey to the Trustee and Estate, all of his rights, title and
interests, including, but not limited to, membership interests (certificated or non-
certificated), profit and other economic interests, voting rights and interests, and
any other rights, appointments, and duties as manager and/or managing member
in and to Astor Street (the "Membership Interests"). Further, as a material
condition of this Settlement Agreement, upon the Effective Date hereof, and at
all times material up through and including, the Approval Order, neither of the
Defendants, T. Foufas and Astor Street shall assign, transfer, deliver,
hypothecate, sign over, pledge, mortgage, lien, encumber and/or otherwise
convey to their respective rights, title and interests in the Membership Interests.

iii.     Effective upon confirmation of receipt and bank clearance of the funds that are
the subject of the Settlement Amount, and except for the obligations set forth in
this Settlement Agreement, the Parties forever remise, release, acquit, satisfy, and
forever discharge one another, including their respective successors, subsidiaries,
predecessors, affiliates, owners, officers, directors, employees, agents, assigns,
representatives, shareholders, attorneys and members and shall be deemed to
have mutually remised, released, acquitted, satisfied, and forever discharged one

5

another including (as applicable) their respective successors, subsidiaries, predecessors, affiliates, owners, officers, directors, employees, agents, assigns, representatives, shareholders, attorneys and members of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Parties ever had or now have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of time to the date of this Settlement Agreement, including, without limitation, all claims, demands and defenses that were or could have been raised in the Bankruptcy Case or any associated adversary proceeding, including but not limited to, the Adversary Case, causes of action under Chapter 5 or any other chapter of the United States Bankruptcy Code, and any other claims and causes of action owned or controlled by the Trustee or that the Trustee has standing to pursue on behalf of the Estate. The Defendants agree to waive any additional claims against the Estate for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(h). This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate the release of any third-party beneficiaries.

iv.     Further, without making any representation as to the existence of any files, together with any and all work papers, documents, information, data, communications, correspondence, e-mails, internal notes or memoranda, discovery obtained or produced, whether in electronic or paper form (the "Files"), including without limitation, the Defendants' Files, if any, for and/or which concern, relate and pertain to the Business Entities or Debtor, T. Foufas hereby agrees as of the Effective Date of this Agreement, to preserve any Files in his possession, custody, or control, respectively, for two (2) years from the date of entry of an Approval Order; and subject to any privilege of the Defendants with respect to the disclosure of such Files under applicable law, restrictions on disclosure imposed by law, and the Defendants agree to reasonably cooperate with the Trustee, as set forth in Section 8, below.

v.      The Parties expressly acknowledge and agree that a material inducement (among others) of the Trustee entering into this Agreement is the obligation of T. Foufas (individually, and to the extent necessary, on behalf of Astor Street), upon the Effective Date, but subject to the entry of the Approval Order, to reasonably cooperate with the Trustee and her counsel in the performance of their duties to investigate and, if appropriate, prosecute the claims and causes of action set forth in the First Amended Complaint, and as amended, against the remaining party defendants to the Adversary Case, including, without limitation, in connection with the Bankruptcy Case, contested matters, and other adversary proceedings that have or may be filed by the Trustee against any third parties, to prosecute claims and causes of action, claim objection, and/or defend claims or demands made by the Debtor, Defendants, and third parties against the Estate (hereinafter the "Litigation"), as follows: . T. Foufas (individually, and to the extent

necessary, on behalf of Astor Street) shall fully and reasonably cooperate with the Trustee's and his counsel's requests, with and/or without formal legal process, and with compensation only as provided for and subject to the limitations set forth in this Agreement, in connection with the investigation, prosecution and/or defense of any Litigation which shall include the following:. (i) meeting and communicating with the Trustee and his counsel in person in Chicago, Illinois (as may be necessary), and/or by Zoom videoconference, telephone and/or through other electronic means; (ii) providing sworn statements to the Trustee and her counsel in the form of affidavits and/or declarations under penalty of perjury; (iii) making himself available, appearing for, and providing complete and truthful testimony at and/or in connection with any deposition, trial, or any other proceeding as requested by the Trustee, but without the need to make any in person appearance at trial or any location other than Chicago, Illinois; (iv) upon request of the Trustee or her counsel, providing assistance, and non-privileged documents and any other information related to the Debtor and remaining party Defendants in the Adversary Case, including any other Litigation.

vi.     T. Foufas (individually and to the extent necessary, on behalf of Astor Street) shall fully and reasonably cooperate with the Trustee's and her counsel's requests, without formal legal process, and with compensation only as provided for and subject to the limitations set forth in this Agreement, with respect to the investigation, prosecution and/or defense of any Litigation […] T. Foufas' agreement to cooperate does not include a waiver of any legal rights of the Parties and is subject to reasonable asserted privileges, if any, by T. Foufas and any objections and challenges to the asserted privileges by the Trustee. For the avoidance of any doubt, and conditioned upon the obligations of and full compliance by T. Foufas to provide reasonable cooperation under this Agreement, T. Foufas's agreement to provide such cooperation is made in lieu of any rights the Trustee might have to use legal process against the Defendants, including, but not limited to, all rights under applicable law to subpoena, notice and compel the Defendants for depositions, trial, document production, or any and all other discovery testimony permitted under applicable law (subject to any asserted privileges, if any, and any objections and challenges to the asserted privileges by the Trustee) (hereinafter, "Legal Process"); provided however, that the Trustee expressly retains all rights of Legal Process under applicable federal and state laws in the event that the Defendants fail to comply with this Settlement Agreement.

vii.    In the event that any of the Parties materially breach and otherwise fail to comply with the terms and conditions of this Settlement Agreement, then such occurrence shall constitute an event of default under the Agreement (the "Event of Default"). Upon an Event of Default, the non-defaulting or aggrieved Party or Parties (the "Non-Defaulting Party"), individually, or through their counsel, shall provide written notice (the "Written Notice") thereof to the alleged defaulting Party or Parties (the "Defaulting Party"), and/or their counsel, as provided in the

Notice provisions set forth below. The Written Notice shall provide for (5) calendar days from the date of such notice to cure the Event of Default (the "Grace Period"). Should the Non-Defaulting Party (or any one of them) fail to cure the Event of Default within the Grace Period, then, the Non-Defaulting Party may upon the filing of a motion with the Bankruptcy Court seek to enforce this Agreement against the Defaulting Party (the "Enforcement Motion") for which the prevailing shall after notice and hearing be entitled to an award of reasonable attorney's fees and costs relative to the Enforcement Motion. Further, if T. Foufas fails to comply with the provisions of Paragraphs (2) and (4) above regarding the Settlement Payment and Assignment, which Events of Default are not cured within the Grace Period, the Trustee may file a motion for entry of default final judgment against the Defendants (the "Motion for Default"), which after notice and hearing, shall entitle Plaintiff to the entry of a final judgment on the Claims determining that (i) Astor Street and Membership Interests of T. Foufas therein are property of the Estate and (ii) monetary judgment against T. Foufas in the amount of $7,500.00, less any amounts paid to Plaintiff under this Agreement, plus accrued interest due thereon to the Estate, which shall accrue at the federal statutory rate, together with an award of reasonable attorneys' fees and costs, for which execution shall issue forthwith (the "Final Judgment"). The only defenses to the entry of the Final Judgment shall be related to the timeliness of the Settlement Payment and delivery of the Assignment under the Settlement Agreement. All other defenses relating to the merits of the Claims shall be deemed waived.

## LEGAL ARGUMENT AND CITATION TO AUTHORITY

16.     Fed. R. Bankr. P. 9019(a) provides that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a).

17.     The standards for approval of a settlement in a bankruptcy proceeding requires the Court to inquire into the reasonableness of the proposed settlement and to determine whether the settlement falls below the lowest point of the range of reasonableness. *In re Jackson Brewing Company*, 624 F.2d 599, 602–03 (5th Cir.1980); *In re Arrow Air,* 85 BR 886, 891 (Bankr. S.D. Fla. 1988). Approval of a settlement in a bankruptcy proceeding is within the sole discretion of the Court. *In re Jackson Brewing Company*, 624 F.2d 599, 602–03 (5th Cir.1980); *In re Arrow*

8

*Air,* 85 BR 886, 891 (Bankr. S.D. Fla. 1988). The standards for approval are well settled and require the Bankruptcy Court to inquire into the reasonableness of the proposed settlement and to determine whether the settlement falls below the lowest point of the range of reasonableness. *Id.*

18.     In evaluating the settlements, the Court "need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues which underlie the disputes that are proposed to be compromised … rather, the Court may, and should, make a pragmatic decision on the basis of all equitable factors." *In re Holywell Corp.*, 93 B.R. 291 (Bankr. S.D. Fla. 1988) (emphasis in original, citations omitted).

19.     In this regard, the Eleventh Circuit has set forth several factors to be considered by the Bankruptcy Court in determining whether to approve the Stipulation in this case. See, *In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), cert. denied, 498 U.S. 959 (1990). Accordingly, the Court must consider the following factors in determining whether to approve the Settlement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises. *Id*.

20.     In applying the foregoing factors, the Trustee respectfully submits that the Settlement falls well within the "range of reasonableness," and satisfies the legal standard set forth in *Justice Oaks*. Specifically, the Trustee submits that the Settlement satisfies the *Justice Oaks* standards for the following reasons:

a.     **the probability of success in the litigation** – With regard to weighing the Agreement against the probability of the success in the litigation, the Settlement Agreement will avoid the difficulty and expenses that would be incurred (in a currently administratively

insolvent estate) if the Claims had to be litigated by the Trustee against each of the Defendants. Although the Claims relating to the Astor Street Transfers, consisting of the Astor Street S&G Transfer and PFCO/Astor Street Transfers, are alleged to be avoidable transfers under both Florida and Delaware law that were made to or for the benefit of the Defendants, the Plaintiff will encounter difficulties in prosecuting these Claims under the Second Amended Complaint.

In addition to filing the T. Foufas MTD, the Defendants have also articulated asserted numerous well-reasoned defenses to the Claims, including those of value and good faith, and have denied any and all liability whatsoever to the Estate. Consequently, while the Plaintiff believes the Claims against the Defendants are meritorious and the defenses and denials could be overcome, the Trustee also recognizes that there are inherent and unforeseen risks associated with such litigation. Further, in evaluating the anticipated time and associated expense to the Estate in continuing to litigate these issues, even if successful, may potentially outweigh the cost-benefit provided to the Estate under the Settlement Agreement.

b.      **the difficulties, if any, to be encountered in the matter of collection** – The Trustee has evaluated the risks of collection that would potentially be encountered by the Estate in pursuing litigation with Defendants regarding the matters being resolved by the Settlement, especially, without the benefit of any insurance policies in effect or other tangible assets to collect upon with respect to Claims. The Trustee has taken into account the ability of the Estate to monetize the Claims, and in determining the difficulties in collecting upon any judgment that may be obtained by the Estate against Defendants since, among other countervailing factors, the Defendants reside outside the jurisdiction of the State of Florida, and have no property or other known assets located within Florida, thereby making execution on any judgment difficult and requiring additional state court proceedings.

10

Moreover, the Trustee has learned that the Storage Property owned by co-defendant, Sixth and Gest, in which Astor Street holds its membership interest that is subject to the Assignment, was sold at a loss. Further, upon information and belief, neither of the Defendants have received any distributions from Sixth and Gest nor sale proceeds from the closing on the Storage Property. In the meantime, the litigation has caused T. Foufas to expend sums from his personal resources to pay attorney's and expenses, as well as, the Settlement Payment to resolve the Claims. Accordingly, the Trustee has determined that the Agreement will avoid the difficulties and uncertainties of collecting and enforcing any judgment, order or decree that may be entered by the Court against the Defendants.

c.   **the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it** – The nature of the Claims are such that continued litigation would involve significant expense, delay, and inconvenience to the Parties. The underlying issues would be expensive to pursue in that they would require, among other things, expert witness discovery and trial testimony. Further, as noted above, and as set forth in the Agreement, the Defendants have agreed to has to cooperate with the Trustee with respect to the pursuit and collection of other claims of the Estate against adversary defendants and litigation targets.

d.   **the paramount interest of the creditors and proper deference to their reasonable views in the premises** – Finally, the Settlement Agreement is in the best interests of the Estate and creditors. Given the foregoing factors, the total consideration of $7,500.00 to be paid by Defendants, together with the assignment, transfer and delivery by T. Foufas of the Membership Interests in Astor Street (as defined in the Assignment) to Estate are material considerations for resolving the dispute. Therefore, it's the position of the Trustee and her counsel that, based upon careful evaluation, the Agreement is in the best interests of the Estate

and creditors. Among other reasons supporting approval of the Settlement Agreement, the Trustee asserts that the Agreement will cause funds to be paid to the Estate, when the Adversary Case is being resolved with the Defendants without further legal fees and costs at an early stage, and will eliminate the risk and high expense of protracted litigation, as well as the uncertainty attached to the outcome. While the professionals for the Parties all feel strongly about their respective litigation positions, it is in the best interests of the Estate to avoid expensive litigation.

21.    Based upon the foregoing, the Trustee respectfully requests that the Settlement Agreement be approved for the reasons stated herein. In this regard, a proposed order approving the Agreement is attached as **Exhibit "B"**.

**WHEREFORE**, the Chapter 7 Trustee, Deborah Menotte, respectfully requests the Court enter an Order attached hereto as **Exhibit "B"** and which provides for the following relief: (i) granting the Settlement Motion; (ii) approving the Settlement Agreement and Assignment attached hereto as Exhibit "A" pursuant to Bankruptcy Rule 9019 for the reasons set forth herein; (iii) retaining jurisdiction over this matter to enforce the terms and conditions of the Settlement Agreement and otherwise resolve any disputes under or pertaining to the Settlement as may be necessary or required; and (iv) such other relief that the Court deems just and proper.

**Respectfully submitted: May 20, 2022.**

Respectfully submitted,

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Counsel for Trustee*
200 East Broward Blvd., Suite 1110
Fort Lauderdale, Florida 33301
Telephone: (954) 453-8000
Facsimile:  (954) 453-8010

By:___/s/ *Barry P. Gruher*_____
        Barry P. Gruher, Esq.
        Florida Bar No. 960993

bgruher@gjb-law.com
Zachary I. Malnik, Esq.
Florida Bar No. 1010272
zmalnik@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of was served via CM/ECF

Notification to all parties on the attached service list on this __20th_ day of May, 2022.

By: /s/ Barry P. Gruher
Barry P. Gruher, Esq.

## SERVICE LIST

### *Served Via CM/ECF*

Joaquin J Alemany on behalf of Defendant Orion Corporate & Trust Services, Ltd.
joaquin.alemany@hklaw.com, jose.casal@hklaw.com

Robert C Folland on behalf of Defendant Astor Street Holdings, LLC
rob.folland@btlaw.com, courtney.dunham@btlaw.com

Robert C Folland on behalf of Defendant Timothy Foufas
rob.folland@btlaw.com, courtney.dunham@btlaw.com

Barry P Gruher on behalf of Plaintiff Deborah Menotte, Chapter 7 Trustee
bgruher@gjb-law.com, vlambdin@gjb-law.com;gjbecf@gjb-law.com;cscavone@gjb-law.com;gjbecf@ecf.courtdrive.com;chopkins@gjb-law.com

Craig A. Pugatch, Esq on behalf of Defendant Braircliffe Lakeside Associates, LLC
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Earlsted, LLC
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Foufas Properties/Braircliffe, Inc.
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Guardian Fiduciary Management, Ltd.
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant KM Settlement dated May 23, 1996 between Plato

Chris Foufas and Nova Corporation
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant PFCO, Inc.
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Plato Foufas & Company, LLC
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Sixth and Gest Properties, LLC
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant The KM Settlement dated January 9, 1998
Between Plato Foufas and St. Vincent Trust Services, Ltd.
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Craig A. Pugatch, Esq on behalf of Defendant Wrightford Corporation
capugatch.ecf@rprslaw.com, jheredia@rprslaw.com

Robert F. Reynolds on behalf of Defendant Plato Chris Foufas
rreynolds@robertreynoldspa.com

Jason Slatkin, Esq. on behalf of Defendant Guardian Fiduciary Management, Ltd.
jslatkin@loriumlaw.com, ecf.jslatkin@loriumlaw.com

***Served Via U.S. Mail***

**All parties on the attached mailing matrix.**

```
Label Matrix for local noticing          Schiller DuCanto & Fleck LLP          Alabama Dept of Revenue
113C-9                                    c/o Brinkley Morgan                    PO Box 327467
Case 20-22967-EPK                         100 SE Third Ave, 23rd Floor           Montgomery, AL 36132-7467
Southern District of Florida              Ft Lauderdale, FL 33394-0002
West Palm Beach
Fri May 20 14:47:05 EDT 2022

American Express                          American Express National Bank         Bank of America
PO Box 0001                               c/o Becket and Lee LLP                 PO Box 851001
Los Angeles, CA 90096-8000                PO Box 3001                            Dallas, TX 75285-1001
                                          Malvern  PA 19355-0701


(p)JPMORGAN CHASE BANK  N A               Hughes Socol Piers Resnick & Dym, Ltd. (p)INTERNAL REVENUE SERVICE
BANKRUPTCY MAIL INTAKE TEAM               70 W Madison St                        CENTRALIZED INSOLVENCY OPERATIONS
700 KANSAS LANE FLOOR 01                  Ste 4000                               PO BOX 7346
MONROE LA 71203-4774                      Chicago, IL 60602-4698                 PHILADELPHIA PA 19101-7346


IRS Insolvency Operation                  Indiana Department of Revenue          ORBA
PO Box 7346                               PO Box 1674                            NBC Tower
Philadelphia, PA 19101-7346               Indianapolis, IN 46206-1674            455 N Cityfront Plaza Dr
                                                                                 Ste 1500
                                                                                 Chicago, IL 60611-5313

Office of the US Trustee                  Schiller DuCanto & Fleck LLP           Select Portfolio Servicing, Inc.
51 S.W. 1st Ave.                          c/o Mark A. Levy, Brinkley Morgan      Attn: Bankruptcy Dept.
Suite 1204                                100 SE Third Avenue, 23rd Floor        PO Box 65250
Miami, FL 33130-1614                      Fort Lauderdale, FL 33394-0002         Salt Lake City, UT 84165-0250


(p)STATE OF ALABAMA DEPARTMENT OF REVENUE Stein & Stein, Ltd.                    The Bernstein Law Firm, LLC
P O BOX 320001                            30 N La Salle St                       350 N Clark St
MONTGOMERY AL 36132-0001                  Ste 3100                               Ste 400
                                          Chicago, IL 60602-2576                 Chicago, IL 60654-4980


Theodora Foufas                           Deborah Menotte                        Plato Chris Foufas
160 E Illinois St                         POB 211087                             11932 Longwood Green Dr
Apt 2404                                  West Palm Beach, FL 33421-1087         Wellington, FL 33414-7068
Chicago, IL 60611-5417


Robert F. Reynolds                        Soneet Kapila                          Theodora Foufas
515 East Las Olas BLvd. #850              1000 South Federal Highway             c/o Brinkley Morgan
Ft Lauderdale, FL 33301-2277              Suite 200                              100 SE Third Ave, 23rd Floor
                                          Fort Lauderdale, FL 33316-1237         Ft Lauderdale, FL 33394-0002




             The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
             by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Chase                                     IRS                                    (d)JPMorgan Chase
Mail Code LA4-6911                        PO Box 1214                            PO Box 182055
700 Kansas Ln                             Charlotte, NC 28201-1214               Columbus, OH 43218-2055
Monroe, LA  71203-4774
```

State of Alabama Department of Revenue
Legal Division
P.O. Box 320001
Montgomery, AL 36132-0001

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach                              End of Label Matrix
                                                Mailable recipients    23
                                                Bypassed recipients     1
                                                Total                   24

# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(WEST PALM BEACH DIVISION)**

In re:

PLATO CHRIS FOUFAS,                    CASE NO.  20-22967-EPK

     Debtor.                              CHAPTER 7

_____/

DEBORAH MENOTTE, as Chapter 7
Trustee for the Debtor, Plato Chris Foufas,    ADV. PROC. NO. 21-01362-EPK

     Plaintiff,
v.

PLATO CHRIS FOUFAS, et al.,

     Defendants.

_____/

## SETTLEMENT AGREEMENT AND RELEASES

This Settlement Agreement and Releases (the "Settlement Agreement" or "Agreement") is made this 5th day of May, 2022 (the "Effective Date"), and is entered into by and between the Plaintiff, Deborah Menotte, as Chapter 7 Trustee for the Debtor, Plato Chris Foufas ("Plaintiff" or "Trustee"), and Defendants, Timothy Foufas ("T. Foufas") and Astor Street Holdings, LLC ("Astor Street")(together, the "Defendants") (the Trustee and Defendants, collectively, the "Parties" and each individually a "Party").

**WHEREAS**, on November 27, 2020 (the "Petition Date"), the Debtor/Defendant, Plato Chris Foufas (the "Debtor") filed a voluntary petition for relief (the "Petition") under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Case") in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

**WHEREAS**, the Plaintiff, Deborah Menotte, was duly appointed and is the acting Chapter

7 Trustee of the Debtor's bankruptcy estate (the "Estate");

**WHEREAS**, On October 8, 2021, the Plaintiff commenced the above-referenced adversary proceeding (the "Adversary Case") against the Defendants, including co-defendants, the KM Settlement, Debtor and Business Entity Defendants, by filing an Adversary Complaint for Declaratory Judgment, Turnover of Estate Property, Avoidance and Recovery of Fraudulent Transfers, Substantive Consolidation, and for Other Relief (the "Complaint")[1] [Adv. ECF No. 1] seeking relief for, among other things, declaratory judgment and turnover of estate property with respect to the Business Entities and other Trust Assets held within the KM Settlement, for substantive consolidation of the Business Entities, and avoidance and recovery of certain fraudulent transfers under applicable bankruptcy and non-bankruptcy law;

**WHEREAS**, on December 6, 2021, T. Foufas filed Defendant Timothy Foufas' Motion to Withdraw The Reference (the "Motion to Withdraw Reference")[ECF No. 26], seeking to withdraw the reference of the Adversary Case to the United States District Court for the Southern District of Florida, Case No. 21-82517-CIV- Cannon (the "District Court")[D.E. 1] with respect to the claims asserted by Plaintiff against T. Foufas for which this Defendant had demanded the right to jury trial;

**WHEREAS**, on December 7, 2021, the Bankruptcy Court entered its Order Determining Non-Core Status of Claims regarding the Motion to Withdraw Reference [ECF No. 36];

**WHEREAS**, on December 8, 2021, the Bankruptcy Court held a Status Conference in the Adversary Case [Adv. ECF No. 7] and, on December 9, 2021, entered its Order Continuing Status Conference, Extending Deadline to Amend Complaint, and Abating Pending Motions which, among other things, continued the Status Conference in the Adversary Case to March 9, 2022, and

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same use and meaning as set forth in the First Amended Complaint.

setting the deadline by which the Plaintiff may file an amended complaint and abating the motions (the "Order Continuing Status Conference") [Adv. ECF No. 38];

WHEREAS, on December 26, 2021, the District Court entered its Order Granting In Part And Denying In Part Defendant's Motion to Withdraw Reference to Bankruptcy Court [D.E. 5]; [ECF No. 46] which, among other things, provided for withdrawal of the "bankruptcy reference insofar as it includes a reference for trial on any legal or factual issues and causes of action," concerning T. Foufas;

WHEREAS, on January 14, 2022, in accordance with the Order Continuing Status Conference, the Plaintiff timely filed the First Amended Complaint for Declaratory Judgment, Turnover of Estate Property, Avoidance and Recovery of Fraudulent Transfers, Substantive Consolidation, and for Other Relief (the "First Amended Complaint") [Adv. ECF No. 47];

WHEREAS, T. Foufas owns, holds and controls one-hundred (100%) percent of the membership interests in Astor Street, whereby Astor Street owns, holds and controls twenty (20%) percent of the membership interests in Sixth and Gest Properties, LLC ("Sixth and Gest"), another defendant in the Adversary Case;

WHEREAS, on February 4, 2022, T. Foufas filed Timothy Foufas' Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction, or for Severance and Stay ("T. Foufas MTD") [Adv. ECF no. 48];

WHEREAS, on April 19, 2022, Court entered its Order (I) Granting Plaintiff's Motion for Leave to File Second Amended Complaint and (II) Denying As Moot Motions to Dismiss (the "Order Granting Motion for Leave") [Adv. ECF No. 97];

WHEREAS, on April 22, 2022, in accordance with the Order Granting Motion for Leave, the Plaintiff filed the Second Amended Complaint for Declaratory Judgment, Turnover of Estate

Property, Avoidance and Recovery of Fraudulent Transfers, Substantive Consolidation, and for Other Relief (the "Second Amended Complaint") [Adv. ECF No. 103] asserting various claims and causes of action against the Defendants for (i) Count VI – Declaratory Judgment- 28 U.S.C. §2202 And 11 U.S.C. §541 (Against Astor Street) (ii)  Count XIV – Avoidance And Recovery of Fraudulent Transfers Pursuant To Section 544 of the Bankruptcy Code And Section 726.105(1)(a) of the Florida Statutes (Against Astor Street and T. Foufas), (iii)  Count XV – Avoidance And Recovery of Fraudulent Transfers Pursuant To Section 544 of The Bankruptcy Code And Section 726.105(1)(b) of The Florida Statutes (Against Astor Street and T. Foufas), (iv) Count XVI – Avoidance And Recovery of Fraudulent Transfers Pursuant To Section 544 of The Bankruptcy Code And Section 726.106(1) of the Florida Statutes (Against Astor Street and T. Foufas, including Foufas and Sixth and Gest), (v) Count XVII – Avoidance And Recovery of Fraudulent Transfers Pursuant To Section 544 of The Bankruptcy Code and Section 1304(a) And (b) of  The Delaware Statutes (Against Astor Street And T. Foufas); (vi) Count XVIII – Avoidance And Recovery of Property Pursuant To Section 550 of The Bankruptcy Code (Against KM Settlement, Astor Street And T. Foufas), and (vii) Count XIX –  Injunctive Relief Pursuant To Federal Rule Bankruptcy Of Procedure 7065 And 11 U.S.C. § 105 (Against all defendants (*i.e.*, the Defendants and all other named defendants in the Adversary Case) (collectively the "Claims");

**WHEREAS**, the Defendants assert that they have valid defenses to the Claims; and

**WHEREAS**, in order to avoid the costs and uncertainties of litigation, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably, have participated in good-faith settlement negotiations, and have reached a settlement, the terms of which they now have set forth in this Settlement Agreement.

**NOW, THEREFORE**, in consideration of the premises aforesaid and the mutual

4

covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree, as follows:

1. **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are true, accurate and correct, and are incorporated in full and made a part of this Settlement Agreement.

2. **Settlement Payment.** In full and final satisfaction of any and all Claims asserted in the First Amended Complaint against the Defendants, and additional consideration provided herein, T. Foufas shall pay to the Trustee the total sum of $7,500.00 (the "Settlement Amount"), which payment shall be due and payable in a lump sum no later than fourteen(14) days after the entry of an Approval Order (as defined below) approving this Settlement Agreement. Payment of the Settlement Amount shall be tendered to the Trustee's counsel via wire transfer or check (with instructions to be provided by the Trustee) and, if by check, made payable to "Deborah Menotte, Chapter 7 Trustee" (the "Settlement Payment").

3. **Bankruptcy Court Approval Required.** This Settlement Agreement shall be subject in all respects to Bankruptcy Court approval of the Trustee's motion seeking to compromise controversy as between the Parties and approving this Settlement Agreement pursuant to Rule 9019, Federal Rules of Bankruptcy Procedure (the "9019 Motion") and entry of a final, non-appealable order granting the 9019 Motion (the "Approval Order"). For purposes of this Settlement Agreement, the term "Approval Order" means an order entered by the Bankruptcy Court, the implementation, operation, or effect of which has not been stayed and as to which order (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing or writ of certiorari has expired and as to which no appeal or petition for review or rehearing or certiorari has been taken and is pending. Following the Effective Date, the Trustee

shall prepare and file the 9019 Motion with the Bankruptcy Court. If the Bankruptcy Court does not approve and enter the Approval Order, this Settlement Agreement shall be null, void and of no further force and effect, and the Trustee shall return any portion, if any, of the Settlement Amount previously received from T. Foufas.

4.  **Assignment of Membership Interests.** Within fourteen (14) days after the entry of the Approval Order , T. Foufas shall execute and deliver an Assignment of the Membership Interests that the Defendant holds and has the power to transfer in and to Astor Street to the Trustee in substantially the form attached hereto as **Exhibit "A"** (the "Assignment"). For purposes of this provision, the Assignment shall substantially provide, as follows:

(i)     T. Foufas agrees to and shall assign, transfer, deliver, hypothecate, sign over, pledge, and otherwise convey to the Trustee and Estate, all of his rights, title and interests, including, but not limited to, membership interests (certificated or non-certificated), profit and other economic interests, voting rights and interests, and any other rights, appointments, and duties as manager and/or managing member in and to Astor Street (the "Membership Interests");

(ii)    further, as a material condition of this Settlement Agreement, upon the Effective Date hereof, and at all times material up through and including, the Approval Order, neither of the Defendants, T. Foufas and Astor Street shall assign, transfer, deliver, hypothecate, sign over, pledge, mortgage, lien, encumber and/or otherwise convey to their respective rights, title and interests in the Membership Interests.

5.  **Mutual Release.** Effective upon confirmation of receipt and bank clearance of the funds that are the subject of the Settlement Amount, and except for the obligations set forth in this Settlement Agreement, the Parties forever remise, release, acquit, satisfy, and forever discharge one another, including their respective successors, subsidiaries, predecessors, affiliates, owners, officers, directors, employees, agents, assigns, representatives, shareholders, attorneys and members and shall be deemed to have mutually remised, released, acquitted, satisfied, and forever discharged one another including (as applicable) their respective successors, subsidiaries,

predecessors, affiliates, owners, officers, directors, employees, agents, assigns, representatives, shareholders, attorneys and members of and from all manner of actions, causes of action, suits, debts, covenants, contracts, controversies, agreements, promises, claims and demands whatsoever, which the Parties ever had or now have against one another, or which any personal representative, successor, heir or assign of the Parties hereafter can, shall or may have, by reason of any matter, cause or thing whatsoever, whether known or unknown, from the beginning of time to the date of this Settlement Agreement, including, without limitation, all claims, demands and defenses that were or could have been raised in the Bankruptcy Case  or any associated adversary proceeding, including, but not limited to , the Adversary Case, causes of action under Chapter 5 or any other chapter of the United States Bankruptcy Code, and any other claims and causes of action owned or controlled by the Trustee or that the Trustee has standing to pursue on behalf of the Estate. The Defendants agree to waive any additional claims against the Estate for payment of the Settlement Amount pursuant to 11 U.S.C. § 502(h). This paragraph, however, shall not operate or be construed to operate as a release or discharge of any of the obligations under this Settlement Agreement, and does not contemplate any third-party beneficiaries.

6. **Claims Waiver.** As additional consideration for the releases contained herein, T. Foufas agrees to waive and withdraw any and all claims the Defendants asserted or may in the future assert against the Estate, including (without limitation) any claim which may arise pursuant to 11 U.S.C. § 502(h). Provided, however, that nothing in this Settlement Agreement shall release any provisions of this Settlement Agreement.

7. **Preservation of Files.**  Further, without making any representation as to the existence of any files, together with any and all work papers, documents, information, data, communications, correspondence, e-mails, internal notes or memoranda, discovery obtained or

7

produced, whether in electronic or paper form (the "Files"), including, without limitation, the Defendants' Files, if any, for and/or which concern, relate and pertain to the Business Entities or Debtor, T. Foufas hereby agrees as of the Effective Date of this Agreement, to preserve any Files in his possession, custody, or control, respectively, for two (2) years from the date of entry of an Approval Order; and subject to any privilege of the Defendants with respect to the disclosure of such Files under applicable law, restrictions on disclosure imposed by law, and the Defendants agree to reasonably cooperate with the Trustee, as set forth in Section 8, below.

8.    **Cooperation.** The Parties expressly acknowledge and agree that a material inducement (among others) of the Trustee entering into this Agreement is the obligation of T. Foufas (individually, and to the extent necessary, on behalf of Astor Street), upon the Effective Date, but subject to the entry of the Approval Order, to reasonably cooperate with the Trustee and her counsel in the performance of their duties to investigate and, if appropriate, prosecute the claims and causes of action set forth in the First Amended Complaint, and as amended, against the remaining party defendants to the Adversary Case, including, without limitation, in connection with the Bankruptcy Case, contested matters, and other adversary proceedings that have or may be filed by the Trustee against any third parties, to prosecute claims and causes of action, claim objections, and/or defend claims or demands made by the Debtor, Defendants, and third parties against the Estate (hereinafter, the "Litigation"), as follows:

(a)    T. Foufas (individually, and to the extent necessary, on behalf of Astor Street) shall fully and reasonably cooperate with the Trustee's and her counsel's requests, without formal legal process, and with compensation only as provided for and subject to the limitations set forth in this Agreement, with respect to the investigation, prosecution and/or defense of any Litigation which shall include the following: (i) meeting and communicating with the Trustee and his counsel in

person in Chicago, Illinois (as may be necessary), and/or by Zoom videoconference, telephone and/or through other electronic means; (ii) providing sworn statements to the Trustee and her counsel in the form of affidavits and/or declarations under penalty of perjury; (iii) making himself available, appearing for, and providing complete and truthful testimony at and/or in connection with any deposition, trial, or any other proceeding as requested by the Trustee, but without the need to make any in person appearance at trial or any location other than Chicago, Illinois; and (iv) upon request of the Trustee or her counsel, providing reasonable assistance, and non-privileged documents and any other information related to the Debtor and remaining party Defendants in the Adversary Case, including any other Litigation; and

(b)     Such cooperation by T. Foufas shall be upon reasonable notice and at mutually convenient times and mutually convenient and agreed to places taking into account the Parties' schedules. T. Foufas agrees to reasonably cooperate, in person, at mutually convenient times and places, in accordance with section (8)(a) above.  Notwithstanding anything herein to the contrary, T. Foufas' obligation to provide voluntary cooperation as set forth herein shall not exceed thirty (30) hours of time, unless otherwise agreed to, in writing, by the Parties. Further, T. Foufas' agreement to cooperate does not include a waiver of any legal rights of the Parties and is subject to reasonable asserted privileges, if any, by T. Foufas and any objections and challenges to the asserted privileges by the Trustee. For the avoidance of any doubt, and conditioned upon the obligations of and full compliance by T. Foufas to provide reasonable cooperation under this Agreement, T. Foufas's agreement to provide such cooperation is made in lieu of any rights the Trustee might have to use legal process against the Defendants, including, but not limited to, all rights under applicable law to subpoena, notice and compel the Defendants for depositions, trial, document production, or any and all other discovery or testimony permitted under applicable law

9

(subject to any asserted privileges, if any, and any objections and challenges to the asserted privileges by the Trustee) (hereinafter, "Legal Process"); provided however, that the Trustee expressly retains all rights of Legal Process under applicable federal and state laws in the event that the Defendants fail to comply with this Settlement Agreement; and

(c)     The Trustee agrees that T. Foufas, or either Party, may seek approval of an administrative expense claim, to pay any reasonable amounts required to be expended by T. Foufas in connection with his cooperation with the Trustee (but not any remaining defendants in the Adversary Case and/or third parties in the Litigation), for any hard costs associated with the production of documents by the Defendants, including copy costs, removal of Files from storage, third party vendor costs related to electronic discovery, and/or hardware (such as external hard drives, thumb drives and CDs) required to provide documents to the Trustee, and any witness fees provided by law. Nothing in this Agreement shall require T. Foufas to incur any personal expenses in connection with the obligation to cooperate with the Trustee. Further, notwithstanding anything herein to the contrary, the Parties may seek to enforce this provision of the Settlement Agreement with the Bankruptcy Court.

9.     **Default.**  In the event that any of the Parties materially breach and otherwise fail to comply with the terms and conditions of this Settlement Agreement, then such occurrence shall constitute an event of default under the Agreement (the "Event of Default"). Upon an Event of Default, the non-defaulting or aggrieved Party or Parties (the "Non-Defaulting Party"), individually, or through their counsel, shall provide written notice (the "Written Notice") thereof to the alleged defaulting Party or Parties (the "Defaulting Party"), and/or their counsel, as provided in the Notice provisions set forth below. The Written Notice shall provide for five (5) calendar days from the date of such notice to cure the Event of Default (the "Grace Period").

Should the Non-Defaulting Party (or any one of them) fail to cure the Event of Default within the Grace Period, then, the Non-Defaulting Party may upon the filing of a motion with the Bankruptcy Court seek to enforce this Agreement against the Defaulting Party (the "Enforcement Motion") for which the prevailing shall after notice and hearing be entitled to an award of reasonable attorney's fees and costs relative to the Enforcement Motion. Further, if T. Foufas fails to comply with the provisions of Paragraphs (2) and (4) above regarding the Settlement Payment and Assignment, which Events of Default are not cured within the Grace Period, the Trustee may file a motion for entry of default final judgment against the Defendants (the "Motion for Default"), which after notice and hearing, shall entitle Plaintiff to the entry of a final judgment on the Claims determining that (i) Astor Street and Membership Interests of T. Foufas therein are property of the Estate and (ii) monetary judgment against T. Foufas in the amount of $7,500.00, less any amounts paid to Plaintiff under this Agreement, plus accrued interest due thereon to the Estate, which shall accrue at the federal statutory rate, together with an award of reasonable attorneys' fees and costs, for which execution shall issue forthwith (the "Final Judgment"). The only defenses to the entry of the Final Judgment shall be related to the timeliness of the Settlement Payment and delivery of the Assignment under the Settlement Agreement. All other defenses relating to the merits of the Claims shall be deemed waived.

      10.    **Notices.**    All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following, including via electronic mail:

      a.    Trustee:              Barry P. Gruher, Esq.
                                            bgruher@gjb-law.com
                                          Genovese Joblove & Battista, P.A.
                                          200 E. Broward Blvd., Suite 1110
                                          Fort Lauderdale, FL 33301
                                        Telephone: (954) 453-8000
                                          *Counsel for the Trustee*

11

      b.    <u>Defendants</u>:        Robert Folland, Esq.
                                    Rob.Folland@btlaw.com
                                    Barnes & Thornburg LLP
                                    4540 PGA Blvd., Suite 208
                                    Palm Beach Gardens, FL 33418
                                    Telephone: (561) 473-7576
                                    *Counsel for the Defendants*

11.     **<u>Binding Effect</u>.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns, including, but not limited to, any successor trustee of the Estate (or any successor trustee appointed by the Bankruptcy Court) or the Estate.

12.     **<u>No Admission of Liability</u>.** Nothing in this Settlement Agreement, or the making of the Settlement Payment, shall be construed or mean to imply that either of the Defendants or the Trustee, on behalf of the Debtors, is liable to the other for any reason whatsoever. Instead, the Parties are entering into this Settlement Agreement and T. Foufas is making the Settlement Payment, all in an effort to avoid the time, expense and uncertainty associated with litigation.

13.     **<u>Attorneys' Fees and Costs</u>.** Each Party shall bear his or its own attorneys' fees and costs incurred in regard to all matters arising out of or relating to this Settlement Agreement, except as otherwise provided herein.

14.     **<u>Entire Agreement</u>.** This Settlement Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or oral understandings contrary, different, or that in any way restrict this Settlement Agreement, and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon the execution and delivery of this Settlement Agreement, superseded, null and void.

15.     **<u>Amendments</u>.** No waiver, modification or amendment of the terms of this

Settlement Agreement shall be valid or binding unless made in writing, signed by the party to be charged and then only to the extent as set forth in such written waiver, modification, or amendment.

16. **Counter-Parts.** The Parties may execute this Settlement Agreement in whole or counterparts, and execution of counterparts shall have the same force and effect as if the parties had signed the same instrument. Signatures transmitted electronically or by facsimile shall have the same effect as original signatures.

17. **Enforcement and Choice of Law.** This Settlement Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without regard to its conflict of law principles.  Each of the Parties may enforce this Agreement as a valid contract, and may obtain any lawful remedy including injunctive relief enforcing the Agreement. Further, each of the Parties irrevocably agree that the Bankruptcy Court has sole and exclusive jurisdiction over the enforcement, and interpretation of the Settlement Agreement, and shall retain sole and exclusive personal and subject matter jurisdiction to interpret, enforce and implement the terms of this Agreement and resolve any and all disputes between the Parties arising from or relating to the Settlement Agreement.

18. **Neutral Interpretation.** In the event any dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

19. **Authority.** Each Party to this Settlement Agreement warrants and represents that the person signing this Settlement Agreement on its behalf is duly authorized to enter into this Settlement Agreement on behalf of such party. Each Party signing this Settlement Agreement

separately acknowledges and represents that this representation and warranty is an essential and material provision of this Settlement Agreement and shall survive execution of this Agreement.

20.     **Illegality.** If any clause, provision, or paragraph of this Settlement Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or paragraph of this Settlement Agreement, and this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein, except if the release granted by the Defendants in this Settlement Agreement is deemed to be unenforceable, illegal, or invalid, then the release granted by the Trustee herein shall be of no force and effect, and any monies that may have been delivered to the Trustee pursuant to this Agreement, including the Settlement Payment, shall be returned to the Defendants' counsel forthwith.

21.     **Advice of Counsel.** The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement and that they have read this Settlement Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the same, and each Party has had it fully explained to them by their counsel and understands the terms and provisions of this Settlement Agreement and its nature and effect. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

22.     **Acknowledgement.** This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the

Parties that this Settlement Agreement is in the best interests of the Parties.

23.     **Divisions and Headings.** The divisions of this Settlement Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Settlement Agreement.

24.     **No Third Party Beneficiaries.** Nothing in this Settlement Agreement, express or implied, is intended or shall be construed to confer upon, or give to, any entity other than the Parties hereto and their respective successors and assigns, any right, remedy or claim under or by reason of this Agreement or any covenant, condition or stipulation hereof, and the covenants, stipulations and agreements contained in this Agreement are and shall be for the sole and exclusive benefit of the Parties hereto. It is expressly understood between the Parties that nothing in this Agreement is intended to in any way prejudice or limit the Trustee's ability to pursue any claims available to her against any other persons or entities, and that no release or waiver provided in this Agreement shall be construed to release or waive any such claims. Except as provided in this Agreement, the Trustee reserves all rights to pursue claims against any parties other than the Defendants, including claims for fraudulent transfer, preferential transfer, or any other claims available to the Trustee under bankruptcy law or state law. However, nothing in this Settlement Agreement constitutes tolling of any applicable statute of limitations or any waiver of defenses. Nothing in this Settlement Agreement shall be construed to release or waive any claims or defenses that the Defendants may have against any non-party to this Settlement Agreement under applicable bankruptcy or non-bankruptcy law.

**IN WITNESS HEREOF**, the undersigned, being duly authorized, have caused this Settlement Agreement to be executed as of the date shown above.

**DEBORAH MENOTTE, not individually, but as Chapter 7
Trustee of the Debtor, Plato Chris Foufas**

Print: Deborah Menotte

Signature: _Deborah Menotte_

Dated: _5/6/22_

**TIMOTHY FOUFAS**

Print: Timothy Foufas

Signature: _____

Dated: ___5/3/22___

**ASTOR STREET HOLDINGS, LLC**

Print: Timothy Foufas

Signature: _____

Its: Manager

Dated: 5/3/22

16

# EXHIBIT "A"

## ASSIGNMENT OF MEMBERSHIP INTERESTS

**THIS ASSIGNMENT OF MEMBERSHIP INTERESTS** (the "Assignment"), is made this 5th day of May, 2022, by and among, Timothy Foufas, having an address at 415 W. Aldine Ave., Chicago, IL 60657 (the "Assignor"), and Deborah Menotte, not individually, but as Chapter 7 trustee of the Debtor, Plato Chris Foufas, having an address at P.O. Box 211087, West Palm Beach, Florida 33421 (the "Assignee") (hereinafter, the Assignor and Assignee shall be referred to collectively as the "Parties").

## PREAMBLE

**WHEREAS**, the Assignee is duly appointed and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") of the Debtor, Plato Chris Foufas (the "Debtor"), in the matter styled *In re Plato Chris Foufas*, Case No. 20-22967-EPK (the "Bankruptcy Case"), which case is currently pending in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court");

**WHEREAS**, the Assignor and Assignee are parties to that certain Settlement Agreement and Releases dated May 5th , 2022 (the "Settlement Agreement"), by and among, the Assignor and Assignee, entered into and approved by the Bankruptcy Court in connection with the adversary proceeding styled *Deborah Menotte, Chapter 7 trustee of the estate of the Debtor, Plato Chris Foufas, Plaintiff v. Plato Chris Foufas, Briarcliffe Lakeside Associates LLC, Foufas Properties/Briarcliffe, Inc., Earlsted, LLC, Wrightford Corporation, Sixth and Gest Properties, LLC, Plato Foufas & Company, LLC, PFCO, Inc., Astor Street Holdings, LLC, KM Settlement dated May 23, 1996 between Plato Chris Foufas and Nova Corporation, The KM Settlement dated January 9, 1998 Between Plato Foufas and St. Vincent Trust Services, Ltd., Orion Corporate & Trust Services, Ltd., as Trustee of the KM Settlement, Guardian Fiduciary Management, Ltd., as Protector of the KM Settlement and Timothy Foufas* (the "Defendants"), Adv. Proc. No. 21-01362-EPK (the "Adversary Case"), which case is currently pending in the Bankruptcy Court;

**WHEREAS**, the Assignor and Astor Street Holdings, LLC, a Delaware limited liability company ("Astor Street") are named defendants in the Adversary Case and, further, Astor Street is also a party to the Settlement Agreement;

**WHEREAS**, pursuant to the Settlement Agreement, certain membership interests are required to be assigned from Assignor to Assignee with respect to Astor Street (the "Membership Interests");

**WHEREAS**, the Assignor owns, holds and controls one-hundred (100%) percent of the Membership Interests in Astor Street, whereby Astor Street owns, holds and controls twenty (20%) percent, of the membership interests in Sixth and Gest Properties, LLC ("Sixth and Gest"), a Delaware limited liability company (hereinafter, Astor Street and Sixth and Gest are sometimes referred to singularly, as the "Company" or plural, as the "Companies");

17

**WHEREAS**, the Assignor desires by this Assignment to assign to the Assignee all of the Membership Interests, and the Assignee desires by this Assignment to accept the Membership Interests on behalf of the Estate.

**NOW, THEREFORE, FOR AND IN CONSIDERATION** of good and valuable consideration, the receipt and adequacy of which are acknowledged by each party, the Parties hereby agree, as follows:

**1.      ASSIGNMENT.**

1.1      Effective as of the date first above written (the "Effective Date") the Assignor assigns to the Assignee and the Assignee accepts and assumes from the Assignor (a) the Membership Interests as defined herein and as otherwise set forth in the Settlement Agreement, which is incorporated by reference herein, so that from and after the Effective Date, and until any other or further assignment made in accordance with the provisions of any applicable Limited Liability Company Act (as may be amended or revised) and other state law (the "Act"), the Assignor shall no longer be a member of the Companies and the Assignee shall own the Membership Interests (together with all economic and voting rights appurtenant thereto), as well as, any claim, right, option, or other prospective membership interest in either of the Companies held or purported to be held by the Assignor, and (b) any and all right, title, and interest that the Assignor has under the provisions of the Act, or in and to any of the assets of the Companies, with respect to the Membership Interests so assigned hereunder to the Assignee.

1.2      Further, upon the Effective Date, the Assignor shall (i) execute and deliver to Assignee the Membership Interests, including, but no limited to, membership certificates, membership units, and/or other such instruments, necessary to effectuate this Assignment and transfer the Membership Interests to the Assignee; and (ii) deliver all corporate books and financial records of Astor Street to the Assignee.

**2.      REPRESENTATIONS.**

2.1.      *By Assignor.* To induce the Assignee to accept the delivery of this Assignment, the Assignor hereby represents and warrants to the Assignee that, on the date hereof and at the time of such delivery:

2.1.1.   The Assignor has not sold, transferred, or encumbered any or all of the Membership Interests. The Assignor has the full and sufficient right at law and in equity to transfer and assign the Membership Interests, represents and warrants that he is not aware of any claimed interests in the Membership Interests by any third party and is transferring and assigning the Membership Interests to the Assignee in full. The assignment by the Assignor hereunder includes the Membership Interests, as well as, each and every interest of any kind of the Assignor held or purported to be held in either of the Companies.

2.1.2.   No consent of any member in Astor Street other than T. Foufas is required in connection with this Assignment.

2.2.     *By Assignee.* The Assignee covenants, warrants, and represents to the Assignor that the Membership Interests are being acquired for administration in the Bankruptcy Case and not for the Assignee's own account and may be offered for sale, disposition, or otherwise for distributing such interests in connection with this Assignment in connection with the Bankruptcy Case and as may be approved and/or otherwise ordered by the Bankruptcy Court.

2.3.     *By Each Party.* Each party represents and warrants to the other that it has been duly authorized to execute and deliver this Assignment, and to perform its obligations under this Assignment.

**3.     NOTICES.** Any notice, demand, consent, approval, request, or other communication or document to be provided hereunder to a party hereto shall be (a) in writing, and (b) deemed to have been provided (i) three days after being sent as certified mail in the United States mail, postage prepaid, return receipt requested, to the address of the party set forth in this Assignment or to any other address in the United States of America as the party may designate from time to time by notice to the other party, or (ii) upon being given by hand or other actual delivery to the party.

**4.     MISCELLANEOUS.**

4.1.     *Effectiveness.* This Assignment shall be effective as of the Effective Date.

4.2.     *Complete understanding.* This Assignment and the Settlement Agreement as incorporated by reference herein, represents the complete understanding between the Parties as to the subject matter hereof, and supersedes all prior negotiations, representations, guarantees, warranties, promises, statements, or agreements, either written or oral, between the parties hereto as to the same.

4.3.     *Amendment.* This Assignment may be amended by and only by an instrument executed and delivered by each party as provided for herein or upon further order of the Bankruptcy Court.

4.4.     *Waiver.* No party shall be deemed to have waived any right that it holds hereunder unless the waiver is made expressly and in writing (and, without limiting the generality of the foregoing, no delay or omission by any party in exercising any such right shall be deemed a waiver of its future exercise). No waiver shall be deemed a waiver as to any other instance or any other right.

4.5.     *Enforcement and Applicable Law.* The construction, validity, and interpretation of this Assignment and the performance of the obligations imposed hereby shall be governed by the internal law, not the law of conflicts, of the State of Florida. Furthermore, each of the Parties irrevocably agree that the Bankruptcy Court has sole and exclusive jurisdiction over the enforcement, enforcement, and interpretation of the Assignment, and shall retain sole and exclusive personal and subject matter jurisdiction to interpret, enforce and implement the terms of this Agreement and resolve any and all disputes between the Parties arising from or relating to the

Settlement Agreement.

      4.6. *Headings.* The headings of the Sections, subsections, paragraphs, and subparagraphs hereof are provided herein for and only for convenience of reference, and shall not be considered in construing their contents.

      4.7. *Construction.* As used herein, (a) the term "person" means a natural person, a trustee, a corporation, a partnership, and any other form of legal entity; and (b) all reference made (i) in the neuter, masculine, or feminine gender shall be deemed to have been made in all genders, (ii) in the singular or plural number shall be deemed to have been made, respectively, in the plural or singular number as well, and (iii) to any Section, subsection, paragraph, or subparagraph shall, unless therein expressly indicated to the contrary, be deemed to have been made to such Section, subsection, paragraph, or subparagraph of this Assignment.

      4.8. *Assignment.* This Assignment shall be binding upon and shall inure to the benefit of the Parties hereto and their respective heirs, personal representatives, successors, and assigns hereunder.

      4.9 *Severability.* No determination by any court, governmental body, or otherwise that any provision of this Assignment or any amendment hereof is invalid or unenforceable in any instance shall affect the validity or enforceability of (a) any other provision thereof or (b) that provision in any circumstance not controlled by the determination. Each such provision shall be valid and enforceable to the fullest extent allowed by, and shall be construed wherever possible as being consistent with, applicable law.

      4.10. *Further Assurances.* The Parties shall cooperate with each other and shall execute and deliver, or cause to be delivered, all other instruments and shall take all other actions, as either party hereto may reasonably request from time to time in order to effectuate the provisions hereof.

    **IN WITNESS WHEREOF**, each party hereto has executed this Assignment or caused it to be executed on its behalf by its duly authorized representative, the day and year first above written, effective as of the Effective Date.

**TIMOTHY FOUFAS, ASSIGNOR**

Print: Timothy Foufas

Signature: _____

Dated: 5/3/22

**DEBORAH MENOTTE, not individually, but as Chapter 7 Trustee of the Debtor, Plato Chris Foufas, ASSIGNEE**

Print: Deborah Menotte

Signature: Deborah Menotte

Dated: 5/6/22

20

# EXHIBIT "B"

# [PROPOSED]

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## (WEST PALM BEACH DIVISION)

In re:

**PLATO CHRIS FOUFAS,**                        **CASE NO.  20-22967-EPK**

      **Debtor.**                                  **CHAPTER 7**

_____/

**DEBORAH MENOTTE, as Chapter 7**
**Trustee for the Debtor, Plato Chris Foufas,**      **ADV. PROC. NO. 21-01362-EPK**

      **Plaintiff,**

**v.**

**PLATO CHRIS FOUFAS, et al.,**

      **Defendants.**

_____/

## ORDER GRANTING MOTION BY DEBORAH MENOTTE, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AND COMPROMISE CONTROVERSY WITH ADVERSARY DEFENDANTS, TIMOTHY FOUFAS AND ASTOR STREET HOLDINGS, LLC

**THIS MATTER** came before the Court without the necessity of a hearing upon the Motion By Deborah Menotte, Chapter 7 Trustee, to Approve Settlement and Compromise Controversy with Adversary Defendants, Timothy Foufas and Astor Street Holdings, LLC [ECF No. ____] (the "Motion") filed by Deborah Menotte ("Plaintiff" or "Trustee"), as Chapter 7 Trustee for the Debtor, Plato Chris Foufas ("Foufas" or "Debtor"). The Trustee by submitting this form of order having represented that the Motion was served on all parties required by Bankruptcy Rule 2002 and Local Rule 2002-1(H), (I) or (J), that the 21-day response time

provided by Local Rule 9013-1(D) has expired, that no one has filed, or served on the Trustee, a response to the Motion, and that the form of order was attached as an exhibit to the Motion, The Court, having reviewed the Motion and Settlement, and other court filings in the Bankruptcy Cases, and being fully apprised on the premises, it is,

**ORDERED**, as follows:

1.      The Motion is **GRANTED**.

2.      The terms of the Settlement Agreement and Releases attached as Exhibit "A" to the Motion (the "Settlement") are hereby approved and incorporated by reference as if fully set forth herein.

3.      The Parties to the Settlement are authorized and directed to take any and all actions and execute any and all documents necessary to effectuate the terms and conditions of the Settlement and in accordance with this Order.

4.      The Court retains jurisdiction to enforce the terms of the Settlement.

# # #

<u>**Submitted by:**</u>

Barry P. Gruher, Esq.
*Counsel for the Chapter 7 Trustee*
Genovese Joblove & Battista, P.A.
200 E. Broward Boulevard, Suite 1110
Fort Lauderdale, Florida 33301
Tel:     (954) 453-8000
Fax:     (954) 453-8010
Email: bgruher@gjb-law.com

[Attorney Gruher shall serve a copy of this Order to all interested parties and file a certificate of service]